**G. C. Smith, Administrator, Appellee, v. W. C. Penn, Appellant.**

BROKERS AND FACTORS—*when real estate commissions earned.* In order that a real estate broker shall become entitled to commissions he must show that he produced a purchaser for the property of the owner upon the terms prescribed who was ready, able and willing to purchase the same. The duty to procure a purchaser who is willing and able to perform, is not complied with by merely presenting one who is able to put up a forfeit but is otherwise financially unable to carry out the contract, and the owner is not required to

accept a purchaser without opportunity for investigation as to his ability to comply with the terms of the contract.

*Assumpsit.* Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1909. Reversed. Opinion filed October 25, 1909. Rehearing denied November 24, 1909.

DAVIDSON & RUSSELL and JOHN G. FRIEDMEYER, for appellant.

ROBERT H. PATTON, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is a suit in *assumpsit* originally instituted by Menkens, a real estate dealer in Springfield, Illinois, against Penn, a resident of St. Louis, Missouri, for the recovery of commissions under a contract for the sale of certain real estate in Sangamon county, Illinois, which was owned by Penn and his brother and sister jointly. Menkens died, *pendente lite*, and Smith, his administrator, was substituted as plaintiff.

There is evidence tending to show that Penn, through the medium of one Needles, a resident of Springfield, agreed with Menkens that if he would within one week from June 6, 1906, find a purchaser for the real estate, at $21,000 net, he would sell the same for that sum, and he, Menkens, might retain any excess above that amount as his commissions, and that on June 8, 1906, Menkens notified Needles that he had found a purchaser at the price named, and to execute a deed to J. E. Caldwell as purchaser. The evidence discloses that the actual proposed purchaser procured by Menkens was one James, and not Caldwell; that it was intended by Menkens, for the purpose of protecting his commissions, to have the property conveyed to Caldwell, and by Caldwell in turn to James, and that James was to pay for the property the sum of $21,700.

In order to recover in this suit it was essential that the plaintiff produce a purchaser for the property up-

on the terms prescribed, who was ready, able and willing to purchase the same. The purchaser presented by Menkens to Penn was Caldwell. While the evidence was ample to justify the jury in finding that he was willing to carry out the contract of purchase, it fails to show that he was financially able to do so. Caldwell testified that the arrangement was that the deed was to be taken in his name, and that James was to take a deed from him; that to secure performance on his part, James placed in his hands as a forfeit a check for $500, and that he in turn gave his check to Menkens for a like sum and for a like purpose; that he simply assisted Menkens in trying to put the deal through, as a prospective purchaser, and did not intend to invest any money; that he was simply acting as middleman to take the deed, so as to cover up Menkens' commissions.

We are of opinion that the failure to show that Caldwell, who was reported by Menkens as the prospective purchaser, was able to carry out the deal, is fatal to a recovery; that it is not sufficient to show that James, who was an utter stranger to the defendant in the transaction, was on his part so able. While it is true that Caldwell placed the check in the hands of Menkens as a forfeit, what Penn desired was a purchaser for the property, not a penalty. The duty to procure a purchaser who is willing and able to perform, is not complied with by merely presenting one who is able to put up a forfeit but is otherwise financially unable to carry out the contract.

The defendant was not required to accept a purchaser without opportunity for investigation as to his ability to comply with the terms of the contract. Fox v. Ryan, 240 Ill. 391. He was therefore entitled to be advised as to the identity of the purchaser, and was not bound to recognize one with whom he was not in privity.

For the reasons stated, the judgment of the Circuit Court is reversed.

*Reversed.*